

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES,<br>  SHEET METAL WORKERS' NATIONAL<br>  PENSION FUND,<br>BOARD OF TRUSTEES,<br>  INTERNATIONAL TRAINING<br>  INSTITUTE FOR THE SHEET METAL<br>  AND AIR CONDITIONING INDUSTRY,<br>BOARD OF TRUSTEES,<br>  NATIONAL ENERGY MANAGEMENT<br>  INSTITUTE COMMITTEE,<br>BOARD OF TRUSTEES,<br>  SHEET METAL OCCUPATIONAL<br>  HEALTH INSTITUTE TRUST FUND,<br>BOARD OF TRUSTEES,<br>  SHEET METAL WORKERS'<br>  INTERNATIONAL ASSOCIATION<br>  SCHOLARSHIP FUND,<br>      8403 Arlington Boulevard, Suite 300<br>      Fairfax, Virginia 22031<br><br>                Plaintiffs,<br><br>v.<br><br>LAURSEN SHEET METAL, INC.<br>    69 Flint Road<br>    Toms River, NJ 08757<br><br>Serve: Kenneth Laursen, President<br>       Laursen Sheet Metal, Inc.<br>       69 Flint Road<br>       Toms River, NJ 08757<br><br>                Defendant. | Civil Action No. 1:14-cv-00014<br>(LMB/JFA) |

## COMPLAINT

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air

1

Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMI"), the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), and the Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund") (collectively referred to as the "Funds"), hereby complain of Laursen Sheet Metal, Inc. ("Defendant") as follows:

## Introduction

1. This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. This action is also brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Funds seek a money judgment awarding delinquent fund contributions, accrued interest, liquidated damages, late fees, and attorneys' fees and costs now due and hereafter due, through the date of judgment, by Defendants to the Funds, pursuant to Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, the collective bargaining agreement, the Trust Documents governing the Funds, and Section 301 of the LMRA.

## Jurisdiction and Venue

2. Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185 and 1132, and by 28 U.S.C. §1367. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought, at the plaintiff's discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2).

3. The Funds for which Plaintiffs bring this action are administered in this district from their principal places of business in Fairfax, Virginia.

4. Venue is also properly laid in this district because it is here that the Defendant

breached the relevant provisions of the collective bargaining agreement, and consequentially violated Section 515 of ERISA, 29 U.S.C. § 1145, because it is within this district that the relevant provisions of the collective bargaining agreement must be performed.

## Parties and Background

5. Plaintiffs, the Boards of Trustees, are "fiduciaries" with respect to the funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The NPF, ITI, and Scholarship Fund are jointly trusteed trust funds created and maintained pursuant to Section 302(c) of LMRA, 29 U.S.C. § 186(c), and "multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). NEMI and SMOHIT are jointly trusteed trust funds created and maintained pursuant to Section 302(c) of LMRA, 29 U.S.C. § 186(c).

6. At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an "industry affecting commerce," within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

7. Upon information and belief, at all times relevant to this action, Defendant has been a New Jersey corporation with a principal place of business at 69 Flint Road, Toms River, NJ, 08757.

## Allegations in Support of Relief Sought

8. The Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

9. At all times pertinent to this action, Defendant employed employees represented for the purposes of collective bargaining by Sheet Metal Workers' International Association

Local Union No. 27 ("Local Union No. 27"), a labor organization representing employees in an industry affecting interstate commerce.

10. At all times pertinent to this action, Defendant was signatory to and bound by a collective bargaining agreement with Local Union No. 27 ("Labor Agreement").

11. Pursuant to the terms of the Labor Agreement, Defendant was obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees (jointly and severally referred to as "Trust Documents").

12. Pursuant to the terms of the Labor Agreement and Trust Documents, each month Defendant is required to prepare remittance reports showing the contributions owed to the Funds for all hours worked by or paid to its covered employees.

13. Pursuant to the terms of the Labor Agreement and Trust Documents, Defendant is obligated to submit the remittance reports and contributions to the Funds for all hours worked or paid on behalf of Defendant's covered employees who are employed in any jurisdiction of the Sheet Metal Workers' International Association ("Union").

14. Pursuant to the terms of the Labor Agreement and Trust Documents the completed remittance reports and accompanying contribution payments are due to the Funds no later than the twentieth (20th) day after the end of each month during which covered work was performed, and are delinquent if received thereafter.

15. Pursuant to the terms of the Trust Documents, Defendant is obligated to permit the Funds' auditor to conduct a compliance audit and may be obligated to pay all related fees, including audit fees and attorneys' fees and costs incurred in collecting an audit delinquency if legal counsel is engaged or if legal action is needed to enforce the audit.

16. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Labor Agreement, the Trust Documents, and Section 301 of LMRA in addition to delinquent contributions, Defendant is liable to the Funds for the following:

   a. Interest on the delinquent contributions at the rate of 0.0233% per day, compounded daily;

   b. The greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

   c. The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs of this action.

17. The Funds' Trust Documents require an employer, such as Defendant, to pay late fees for all contributions paid late, but prior to commencement of litigation, equal to the greater of 10% of the delinquent contributions or $50.00 (hereinafter "Late Fees").

18. In accordance with the Funds' Trust Documents and the Funds' Procedures for the Collection of Contributions ("Collections Policy"), on or about April 18, 2012, the Funds' auditor conducted an audit ("Audit") of Defendant's payroll records for the period of January 2009 through December 2011, to determine whether the required contributions had been paid.

19. The Audit revealed that Defendant had failed to pay contributions to the Funds in the amount of $3,805.58 for the period of January 2009 through December 2011.

20. The Funds sent a copy of the Audit findings to Defendant on or about November 12, 2012, and to date Defendant has failed to dispute or pay the amounts identified in the Audit.

21. The Funds must rely, in the first instance, upon the honesty and accuracy of the contributing employers, such as Defendant, in reporting hours worked and paid, and in properly

calculating and reporting the contributions owed on behalf of their covered employees.

22. Without the information contained in the remittance reports, the Funds cannot determine the amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

### Count I: Claim against Defendant for Delinquent Contributions

23. The Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

24. During the period of January 2009 through December 2011, Defendant employed employees for whom contributions were due to the Funds and failed to make the required contributions, despite its obligation to do so under the Labor Agreement, the Trust Documents, and Section 515 of ERISA, 29 U.S.C. § 1145.

25. Defendant owes the Funds $3,805.58 in contributions for the period January 2009 through December 2011, according to the Audit, along with associated interest in the amount of at least $1,571.71, liquidated damages of $760.98, and audit fees and costs of $1,130.00.

26. During the month of April 2013 and the period of June 2013 through October 2013, Defendant employed employees for whom contributions were due to the Funds but failed to submit remittance reports to the Funds and make the required employer contributions, despite its obligation to do so under the Labor Agreement, the Trust Documents, and Section 515 of ERISA, 29 U.S.C. § 1145.

27. The Funds estimate that Defendant owes contributions in the amount of $22,804.54 for the month of April 2013 and the period of June 2013 through October 2013 and interest thereon at the rate of 0.0233% per day, compounded daily, in the amount of at least $453.72 and liquidated damages in the amount of $4,560.89. These estimates are calculated based on the last reported contributions prepared by the Defendant.

28. Defendant failed to pay the required contributions to Funds in a timely manner for the periods of July 2009 through December 2011 and February 2012 through March 2013 and the month of May 2013, despite its obligation to do so under the Labor Agreement, the Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of LMRA. As a result, Defendant owes the Funds Late Fees in the amount of $32,947.20 for late paid contributions for the periods of July 2009 through December 2011 and February 2012 through March 2013 and the month of May 2013.

**WHEREFORE,** the Plaintiffs request a judgment on behalf of the Funds against Defendant for all amounts due to the Funds at the time this cause reaches judgment and other relief, to wit:

(a) Awarding to the Funds all of the sums due to the Funds under the terms of the Labor Agreement, the Trust Documents, the Collections Policy, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of LMRA, including delinquent contributions in the amount of $26,610.12; interest on the delinquent contributions and contributions not paid when due at a rate of 0.0233% per day, compounded daily, from the date due until the date paid, or the date of judgment in the amount of at least $2,025.43; an amount equal to the greater of interest calculated at the above rate or liquidated damages equal to 20% of the delinquent contributions in the amount of at least $5,321.87; Late Fees in the amount of at least $32,947.20; audit fees and costs in the amount of at least $1,130.00; and the attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs of this action; and

(b) Granting the Funds such further and other relief as may be just and proper.

Dated: January 6, 2014

Respectfully submitted,

*Elizabeth Coleman*

Elizabeth Anne Coleman
VA Bar No. 78153
Attorney for Plaintiffs
Slevin & Hart, P.C.
1625 Massachusetts Avenue, Suite 450
Washington, DC 20036
Phone: (202) 797-8700
Fax: (202) 234-8231
ecoleman@slevinhart.com

20072958v1